UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHILMINGO JAMISON,                :    **CIVIL NO. 1:05-CV-0831**
                                  :
              Petitioner          :    (Judge Conner)
                                  :
         v.                       :    (Magistrate Judge Smyser)
                                  :
EDWARD KLEM and                   :
DISTRICT ATTORNEY OF YORK         :
COUNTY, PENNSYLVANIA,             :
                                  :
              Respondents         :


### REPORT AND RECOMMENDATION

### Background.

The petitioner pleaded guilty to offenses in the Court of Common Pleas of York County and was sentenced to a term of imprisonment of five to ten years. He has brought a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, claiming that his conviction and sentence are in violation of his constitutional right to due process of law in that he did not voluntarily and knowingly plead guilty and waive his right to a trial. He asserts that his waiver of his right to a trial was not knowing and voluntary because he was not informed that he would be subject to a mandatory minimum five year sentence. He also claims that his Sixth Amendment right to counsel was

violated in that he did not receive effective assistance of counsel.  He asserts that counsel advised him to reject a plea agreement offer from the prosecution to recommend a sentence of four to eight years and that his attorney advised him to instead enter an "open plea", i.e., a plea without any plea agreement.  We conclude herein that the petition should be granted because the petitioner was not informed either that he would be or that he could be subject to a mandatory minimum sentence before or during his guilty plea proceeding and because this omission was of such a material and significant nature in the context of the plea as to require a finding that the plea was not knowingly and voluntarily entered.

This petition was filed *pro se* by Philmingo Jamison on April 26, 2005.  By Order of July 14, 2005, after a notice of *Mason v. Meyers*[1] finality concerns and the absence of a statement from the petitioner that he does not want to proceed with the § 2254 petition, the petition was served.  An answer, with state court records, was filed on August 3, 2005.

---

[1]*Mason v. Meyers,* 208 F.3d 414 (3d Cir. 2000).

In an Order dated September 30, 2005, we set forth the
background of this petition, appointed counsel for the
petitioner, and directed further briefing, as follows:

> The petitioner, Philmingo Jamison, pled
> guilty in the Court of Common Pleas of York
> County to two counts of possession with intent
> to deliver drugs, possession of drug
> paraphernalia, reckless endangerment, driving
> without a license, and possession of
> marijuana. *Commonwealth v. Jamison,* No. 1881
> MDA 2002, slip op. at 1-2 (Pa.Super.Ct. Oct.
> 29, 2003).  On August 1, 2001, the trial court
> sentenced the petitioner to five to ten years
> imprisonment for possession of cocaine with
> intent to deliver, two to four years for
> possession of marijuana with intent to
> deliver, six to twelve months for possession
> of drug paraphernalia, one to two years for
> recklessly endangering another person, and
> three to six months for possession of
> marijuana. *Id.* at 2.  "All sentences were to
> run concurrent with the possession of cocaine
> with intent to deliver charge, but consecutive
> with an unrelated sentence for a conviction of
> third-degree homicide, which was to be imposed
> at a later date." *Id.* at 2-3.

> The petitioner did not file an appeal
> from his judgment of sentence. *Id.* at 3.
> However, on June 6, 2002, the petitioner filed
> a petition for collateral relief under
> Pennsylvania's Post Conviction Relief Act
> (PCRA). *Id.*  The petitioner claimed that he
> entered his plea without knowing the maximum
> sentence, mandatory minimum sentence or fines
> that he faced. *Doc. 8 at 45.*  The petitioner
> also asserted an ineffective assistance of
> counsel claim. *Commonwealth v. Jamison,* No.
> 4425 CA 2000, No. 4426 CA 2000, slip op. at
> page numbered G000005 (C.C.P. York County Nov.
> 1, 2002).  On November 1, 2002, the PCRA court
> denied the PCRA petition. *Id.*

3

The petitioner appealed and the Pennsylvania Superior Court affirmed the PCRA court's order denying the PCRA petition. *Commonwealth v. Jamison,* No. 1881 MDA 2002, slip op. at 7 (Pa.Super.Ct. Oct. 29, 2003). On March 16, 2005, the Pennsylvania Supreme Court denied the petitioner's petition for allowance of appeal. *Commonwealth v. Jamison,* No. 885 MAL 2004 (Pa. Mar. 16, 2005).

On April 26, 2005, the petitioner, proceeding *pro se,* commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner claims: 1) that his guilty plea was not entered knowingly, intelligently and voluntarily because the mandatory minimum sentence he was facing was not explained to him; and 2) that he received ineffective assistance of counsel when his counsel advised him, without investigating his prior record score or whether he was subject to a mandatory minimum sentence, to reject a plea offer of four to eight years imprisonment and instead enter an open plea.

On August 3, 2005, the respondent filed an answer to the petition and a motion to dismiss the petition.  The respondent contends that the petitioner either failed to exhaust his state court remedies with regard to his ineffective assistance of counsel claim or that he procedurally defaulted that claim.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c).  This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued

4

confinement for a state court conviction
violates federal law, the state courts should
have the first opportunity to review this
claim and provide any necessary relief.").
"The exhaustion rule also serves the secondary
purpose of facilitating the creation of a
complete factual record to aid the federal
courts in their review." *Walker v. Vaughn*, 53
F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the
burden of demonstrating that he has exhausted
state remedies. *O'Halloran v Ryan*, 835 F.2d
506, 508 (3d Cir. 1987).  In order to exhaust
state remedies for federal habeas corpus
purposes, a petitioner must show that he has
fairly presented his claim to the state
courts.  *Picard v. Connor*, 404 U.S. 270, 278
(1971).  To be fairly presented to the state
courts both the legal theory and the facts
supporting the claim must have been presented
to the state courts.  *O'Halloran, supra*, 835
F.2d at 508.  Further, "state prisoners must
give the state courts one full opportunity to
resolve any constitutional issues by invoking
one complete round of the State's established
appellate review process." *O'Sullivan, supra,*
526 U.S. at 845.

The habeas petitioner must exhaust his
state remedies as to each of his federal
claims.  If a habeas corpus petition contains
both exhausted and non-exhausted claims the
petition should normally be dismissed. *See
Rose v. Lundy*, 455 U.S. 509, 515-20 (1982).
However, an application for a writ of habeas
corpus may be denied on the merits
notwithstanding the failure of the petitioner
to exhaust state remedies. 28 U.S.C.
§2254(b)(2).

If a claim has not been fairly presented
to the state courts but state law clearly
forecloses review, exhaustion is excused.
*Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d

Cir. 2002); *See also McCandless v. Vaughn*, 172
F.3d 255, 260 (3d Cir. 1999)("When a claim is
not exhausted because it has not been 'fairly
presented' to the state courts, but state
procedural rules bar the applicant from
seeking further relief in state courts, the
exhaustion requirement is satisfied because
there is 'an absence of available State
corrective process.'").  A procedural default
occurs when a prisoner's claim is barred from
consideration in the state courts by an
"independent and adequate" state procedural
rule. *Id.*  Federal courts may not consider the
merits of claims that have been procedurally
defaulted unless the petitioner establishes
"cause" to excuse the default and actual
"prejudice" as a result of the alleged
violation of federal law or unless the
prisoner demonstrates that failure to consider
the claim will result in a fundamental
"miscarriage of justice." *Id.*

     Because it appears that any second Post
Conviction Relief Act petition filed by the
petitioner would be untimely, *see 42
Pa.C.S.A.§9545(b)(petition must be filed
within one year of the date judgement becomes
final),* it is not clear that there are any
state remedies left for the petitioner to
exhaust.  Thus, the issue with regard to the
plaintiff's ineffective assistance of counsel
claim is not whether he has exhausted that
claim but whether that claim has been
procedurally defaulted.

     Although the respondent addressed the
petitioner's ineffective assistance of counsel
claim by arguing that the petitioner either
failed to exhaust his state court remedies
with regard to that claim or that he
procedurally defaulted that claim, the
respondent has not addressed the petitioner's
claim that his guilty plea was not entered
knowingly, intelligently and voluntarily
because the mandatory minimum sentence he was

facing was not explained to him.  Even
assuming *arguendo* that the court were to find
that the petitioner procedurally defaulted his
ineffective assistance of counsel claim, the
court would still need to address the
petitioner's claim that his guilty plea was
not entered knowingly, intelligently and
voluntarily.

At this point, we will appoint counsel to
represent the petitioner.

**IT IS HEREBY ORDERED** that the Federal
Public Defender, 100 Chestnut Street, Suite
306, Harrisvania, Pennsylvania, 17101,
telephone (717) 782-2237, is appointed to
represent the petitioner.  **IT IS FURTHER
ORDERED** that on or before October 20, 2005
counsel for the petitioner shall file a brief
in support of the petition.  The respondents
shall file a brief in opposition to the
petitioner's brief within fifteen days after
the petitioner's brief is filed.  The
petitioner may file a reply brief within ten
days of the filing of the respondents' brief
in opposition.

After requesting and receiving an extension of time, on

November 21, 2005, the petitioner by counsel filed a brief in

support of the habeas corpus petition.  Although as noted in

the September 30, 2005 Order the respondent filed an answer to

the petition on August 3, 2005, the respondent has not filed a

brief in opposition after the petitioner's brief was filed.

7

By Order of February 22, 2006, a hearing on the
petition was scheduled for March 8, 2006.  On motion of the
petitioner, the hearing was continued to March 23, 2006.  On
the motion of respondents, the hearing was continued to April
25, 2006.  A second motion by respondents to continue the
hearing was denied.  A hearing was held on April 25, 2006.

**Exhaustion**.

The petitioner did not present a claim that his guilty
plea was not voluntary, intelligently and knowingly entered by
way of a motion to the trial court to withdraw the plea either
before or after his sentencing, and he did not take an appeal
from the judgment of sentence entered in his case.  After
sentencing he filed a petition under the Pennsylvania Post
Conviction Relief Act in which he did raise the claim that his
plea was made without knowledge on his part that a mandatory
minimum five year sentence would be applicable in his case.
The Court of Common Pleas of York County held a hearing on this
petition on July 31, 2002.  In an Opinion filed on November 1,
2002, the Court denied the PCRA petition (Doc. 14, "H").  The
Court acknowledged that Pennsylvania case law requires that a
defendant be informed of an applicable mandatory minimum
sentence as a prerequisite to a plea of guilty to an offense

8

where the mandatory minimum will apply.  The Court found the
Pennsylvania law requirement to have been satisfied by the
prosecutor's statement in court in introducing the petitioner's
case for the purpose of the guilty plea proceeding that "we
will be filing mandatory on the drug case."  The Court found
that the petitioner was, through this statement considered in
the light of the surrounding circumstances, afforded adequate
notice of the applicability of the mandatory minimum of five
years that he had thereafter been found at the time of
sentencing to be facing.  The Court found, secondarily, that
even if the petitioner did not understand at the time that he
entered his plea that he would be subject to a mandatory five
year minimum sentence, a basis did not exist under Pennsylvania
law to permit the withdrawal of the plea because no manifest
injustice had occurred under the circumstances.  The Court's
description in its opinion of the guilty plea colloquy is as
follows:

> The defendant was informed specifically
> by the court that there was no deal and that
> sentencing was going to be up to the court.
> The guilty plea colloquy on page 8, which is
> initialed by the Defendant, states the maximum
> term of confinement for possession with intent
> to deliver is 20 years confinement and a
> maximum fine of $200,000.  As previously
> noted, the Defendant had a prior record score
> of five (5) and an offense gravity score of
> ten (10).  With these scores the standard

> range of sentences for possession of cocaine
> with intent to deliver is sixty (60) to
> seventy-two (72) months.  In effect the
> Defendant was sentenced at the bottom of this
> standard range and all other sentences were
> made concurrent to this sentence.  The
> application of the mandatory minimum did not
> increase his minimum period of incarceration.
> Thus, the Defendant, even if he did not
> understand or was not informed of the
> application of the mandatory minimum sentence,
> did not receive a sentence that was outside
> the standard sentencing range.  The Defendant
> did understand that sentencing would be up to
> the Court and he did understand the maximum
> term of confinement and the maximum fine.  The
> Defendant entered his plea knowingly and no
> manifest injustice occurred.

(Doc. 14, "H", pp.9-10).  The Court went on to consider that

the petitioner had stated at his guilty plea proceeding that

his plea was not induced by coercion and that the plea was

being entered because the petitioner was in fact guilty.  The

Court found the later PCRA claim of an unintelligent, unknowing

and involuntary plea to be a contradiction of those statements

made by the petitioner upon entering the plea.


     The Superior Court of Pennsylvania, on the petitioner's

appeal from the denial of the PCRA claim, decided the

petitioner's involuntary guilty plea claim under a provision of

the PCRA which limits a PCRA guilty plea claim to one where it

is claimed that the plea was unlawfully induced and where the

circumstances make it likely that the inducement caused the petitioner to enter the guilty plea and that the petitioner is innocent.  42 Pa. C.S.A. § 9542(a)(2)(iii).  The Superior Court found that the petitioner had not claimed innocence or argued that an innocent person had been convicted and on that basis found the elements for a Section (a)(2)(iii) claim not to be presented.

We find the claim of a violation of the petitioner's constitutional rights on the basis of a guilty plea not knowingly, intelligently and voluntarily entered to have been exhausted.

**Discussion.**

"[S]everal federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial."  *Boykin v. Alabama*, 395 U.S. 238, 242-3 (1969).  The petitioner here argues that the trial Court's acceptance of the guilty plea from the petitioner "resulted in a complete miscarriage of justice [and] in a proceeding inconsistent with the rudimentary demands of fair

procedure", citing *United States v. Timmerck*, 441 U.S. 780, 733-4 (1979)[2] (Doc. 14, page 15).

The Supreme Court stated in *Brady v. United States*, 397 U.S. 742, 747-48 n.4 (1970), that "[t]he new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pled guilty entered his plea understandingly and voluntarily." *Boykin* does not require a formal enumeration of all of the pleading defendant's constitutional rights. *Stinson v. Turner*, 473 F.2d 913 at 915-16 (10th Cir. 1973). The trial court need not enumerate every single constitutional right or privilege to which the petitioner may be entitled in order to determine that the petitioner's guilty plea is made knowingly and voluntarily. *United States v. Stewart*, 977 F.2d 81, 84 (3d Cir. 1992), *cert. denied*, 507 U.S. 979 (1992). The court's proper purpose is to make sure that the accused has a full understanding of what the plea connotes and of its consequence. "The ritual of the colloquy is but a means toward determining whether the plea was voluntary and knowing." *Id*. at 84. "[T]he failure to specifically articulate *Boykin* rights does not carry the day

---

[2]*Timmerck* was a case involving an application of Rule 11 of the Federal Rules of Criminal Procedure.

for the defendant if the circumstances otherwise establish the
plea was constitutionally acceptable." *Id*. at 85.

28 U.S.C. § 2254(d) provides:

(d) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the judgment
of a State court shall not be granted with respect to
any claim that was adjudicated on the merits in State
court proceedings unless the adjudication of the claim-
    (1) resulted in a decision that was
    contrary to, or involved an unreasonable
    application of, clearly established
    Federal law, as determined by the Supreme
    Court of the United States; or
    (2) resulted in a decision that was
    based on an unreasonable determination of
    the facts in light of the evidence
    presented in the State court proceeding.

Pursuant to 28 U.S.C. § 2254(d), the court may not
grant a petition for a writ of habeas corpus with respect to
any claim that was adjudicated on the merits in state court
unless the adjudication of that claim (1) resulted in a
decision that was contrary to, or involved an unreasonable
application of, clearly established federal law, as determined
by the Supreme Court of the United States; or (2) resulted in a
decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the state court
proceeding.

13

The state court determined that the petitioner's guilty plea was entered knowingly even assuming that he was not informed of the mandatory minimum sentence. Therefore, we consider whether the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. The Supreme Court and the Third Circuit have explained these two bases for invalidating a state conviction on habeas review.

Under the "contrary to" clause of § 2254(d), a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). To meet the "contrary to" standard, the state court judgment must not merely be contrary to federal law as articulated by any federal court. *Fischetti v. Johnson,* 384 F.3d 140, 147 (3d Cir. 2004). Rather, "[i]t must contradict 'clearly established' decisions of the United States Supreme Court alone." *Id.* "This can happen in one of two ways." *Id.* "Either the state court ignores or misapprehends clear

precedent or it "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent." *Id.* "In this regard, the Supreme Court has explicitly held that the 'state court need not even be aware of our precedents, so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* (quoting *Mitchell v. Esparza*, 540 U.S. 12 (2003)). In determining whether a state court adjudication resulted in a decision that was contrary to clearly established federal law as determined by the Supreme Court, "[t]he touchstone precedents are not to be examined by looking to broad pronouncements or generative principles in the opinion." *Id.* at 148. Rather, "a fact-specific analysis of the Supreme Court case law" is required. *Id.*

Under the "unreasonable application" clause of § 2254(d), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams, supra,* 529 U.S. at 413. "In other words, a federal court may grant relief when a state court has misapplied a 'governing

legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith,* 539 U.S. 510, 520 (2003)(quoting *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)).  "A court that unreasonably extends a rule in a new context or, in the alternative, unreasonably fails to extend a rule may also be deemed to unreasonably apply the correct rule." *Fischetti, supra,* 384 F.3d at 148.  "A federal habeas court may not grant relief under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone does not warrant relief." *Keller v. Larkins*, 251 F.3d 408, 418 (3d Cir. 2001). In determining whether a state court adjudication resulted in a decision that involved an unreasonable application of clearly established federal law as determined by the Supreme Court, the Supreme Court precedents must be viewed with particularity. *Fischetti, supra,* 384 F.3d at 149.  Although decisions of lower federal courts may be helpful in ascertaining the reasonableness of a state court's application of clearly established Supreme Court precedent, "cases not decided by the Supreme Court do not serve as the legal benchmark against which to compare the state decision." *Id.*

There is not a United States Supreme Court case holding that a guilty plea is not valid if the defendant faces a mandatory minimum sentence but is not informed that he faces a mandatory minimum sentence. The Supreme Court's prior decisions dealing with the validity of guilty pleas have not involved facts that are materially indistinguishable from the facts in this case. It may be concluded on this basis that the state court's adjudication in this case did not result in a decision that was contrary to clearly established federal law as determined by the Supreme Court.

Whether the state court's adjudication resulted in a decision that involved an unreasonable application of clearly established federal law as determined by the Supreme Court is in this case the more germane question. The Supreme Court has held that waivers of constitutional rights must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *Brady, supra,* 397 U.S. at 748. It seems to us that in most cases the mandatory minimum sentence applicable in a case is an important circumstance that a defendant should be aware of and take into consideration in determining whether to plead guilty.

17

"In reviewing the reasonableness of the state court's application of Supreme Court precedent, we must use as our point of departure the specific holdings of the Court's decisions." *Fischetti, supra,* 384 F.3d at 151. "When assessing whether the state court acted reasonably in applying or refusing to apply that precedent, we must be mindful that the issue is whether Supreme Court law 'dictated' a result in our case . . . or whether the circumstances presented here were 'closely analogous' to those that formed the basis of the earlier high court decisions." *Id.*

The Supreme Court's holdings in its cases dealing with the validity of guilty pleas do not specifically dictate that in order for a guilty plea to be valid a defendant must be specifically informed of the applicable mandatory minimum sentence that he faces.  None of the Supreme Court's cases dealing with the validity of guilty pleas involved a claim that the plea was invalid because the defendant was not told of the penalties that he would face if he were to plead guilty.

Fed.R.Crim.P. 11 requires the trial judge to inform a defendant who is pleading guilty of any applicable mandatory minimum penalty.  It has been held to be plain error for a

court to fail to inform a defendant of a mandatory minimum penalty. *See e.g. United States v. Adams*, 432 F.3d 1092 (9th Cir. 2006)(mandatory minimum fine).  However, Fed.R.Crim.P. 11 is not applicable in state cases, such as this case, and Fed.R.Crim.P. 11 is not tantamount to constitutional law or tantamount to an expression of a state defendant's federally protected rights.

In *United States v. Santo,* 225 F.3d 92 (1st Cir. 2000), *United States v. Harrison,* 241 F.3d 289 (2d Cir. 2001), *United States v. Padilla*, 23 F.3d 1220 (7th Cir. 1994), *United States v. Fernandez*, 205 F.3d 1020 (7th Cir. 2000), and *United States v. Adams*, *supra*, guilty pleas were held to be invalid because the defendant was not given an explanation of the fact of or of the nature of a mandatory minimum sentence.  *See*, also, *Miguel v. United States*, 2005 WL 1668510 (M.D.Fla. 2005).  Although these federal court decisions are not United States Supreme Court decisions, and although they are decided under Rule 11 and not directly under *Boykin*, they are decided under the constitutional requirement stated in *Boykin* that a court in taking a guilty plea must give to the defendant a clear statement of the consequences of the guilty plea.

19

Rule 11, although it is not a codification or expression of a state defendant's federally protected rights, clearly contains references to matters that a defendant must know of to be subjected to a finding that he has entered a knowing and voluntary plea.  In this sense, the cases applying Rule 11's requirements do demonstrate the application of *Boykin* and do therefore constitute a very prominent guidepost to clearly established federal law for purposes of section 2254(d).

The purpose of Fed.R.Crim.P. 11 is to ensure that guilty pleas entered in federal court are knowing and voluntary.  Courts addressing Rule 11 violations sometimes discuss the constitutional underpinning of Rule 11.  We do not construe the cited cases addressing Rule 11 violations as holding that a guilty plea is constitutionally invalid if the defendant is not informed of an applicable mandatory minimum sentence.  However, even assuming *arguendo* that the cases addressing Rule 11 violations could be read to hold that a Rule 11 violation of failing to inform a defendant of an applicable mandatory minimum sentence renders the plea constitutionally invalid, those cases are not controlling in the state habeas context since "cases not decided by the Supreme Court do not

serve as the legal benchmark against which to compare the state decision." *Fischetti, supra,* 384 F.3d at 149.  If the analysis ended with the issue whether there was an unreasonable application of clearly established federal law, and if the issue were framed as strictly whether a lack of a showing of a defendant's awareness of a mandatory minimum sentence renders a guilty plea voidable, the court might correctly rule that the petition should be denied.  But the court must also determine whether the PCRA Court's decision was based upon an unreasonable determination of the facts.

On April 25, 2006, a hearing was held on the petition. The respondents were represented by George N. Marros, Senior Deputy Prosecutor, Office of the York County District Attorney. This hearing was scheduled in large part because the respondents had not filed a brief in opposition to the petitioner's brief in support of the habeas corpus petition and because the petitioner in his brief had requested a hearing.

The substance of the testimony of Philmingo Jamison at the April 25, 2006 hearing was not materially different from his testimony at the PCRA hearing.  He did not know that he was subject to a mandatory minimum sentence.  He had rejected a

four to eight year plea agreement offer because he believed on
the basis of counsel of Attorney Fitzee that he was subject to
sentencing guidelines lower than that.  He is pursuing this
habeas corpus petition because he did not knowingly plead
guilty to an offense that would subject him to a mandatory
minimum sentence.  He understands that if this guilty plea and
sentence are vacated he may be subject to a greater sentence or
to consecutive sentences where concurrent sentences had been
previously imposed.

        The respondents objected to the hearing on the basis
that Attorney Fitzee's testimony can not be presented because
he is deceased.

        28 U.S.C. § 2254(e) provides:

    (e)(1) In a proceeding instituted by an application for a
    writ of habeas corpus by a person in custody pursuant to
    the judgment of a State court, a determination of a
    factual issue made by a State court shall be presumed to
    be correct. The applicant shall have the burden of
    rebutting the presumption of correctness by clear and
    convincing evidence.
    (2) If the applicant has failed to develop the factual
    basis of a claim in State court proceedings, the court
    shall not hold an evidentiary hearing on the claim unless
    the applicant shows that -
        (A) the claim relies on -
            (i) a new rule of constitutional law, made
            retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable;
or

(ii) a factual predicate that could not have
been previously discovered through the exercise
of due diligence; and

(B) the facts underlying the claim would be
sufficient to establish by clear and convincing
evidence that but for constitutional error, no
reasonable factfinder would have found the applicant
guilty of the underlying offense.

Here, the applicant did not fail to develop the factual
basis for his claim in state court proceedings.  Accordingly,
the admonition against a federal habeas corpus hearing in the
statute is not presented, and the record of April 25, 2006
hearing my be considered as both sides' opportunity to further
develop the record on the issue of whether the petitioner did
not knowingly, intelligently and voluntarily plead guilty in
that he was not aware and was not informed that he would be
facing a mandatory minimum five year sentence.  We find from
this record of April 25, 2006 hearing no basis to undermine the
petitioner's assertion that he was not aware that he would be
facing a mandatory five year minimum sentence.  He did
acknowledge that when at the outset of the plea colloquy the
prosecutor stated that the Commonwealth would be "filing for a
mandatory" he thought of it as a possible reference to a
mandatory sentence, but when the subject was not again

mentioned during the plea colloquy he did not continue to consider that he might be subject to a mandatory sentence and was not deterred from pleading guilty.

Although a hearing in this court was authorized under section 2254(e), we bear in mind that the ultimate issue is whether the state court made an unreasonable determination of the facts in light of the evidence presented at the state court hearing.

The PCRA Court placed a great deal of emphasis upon the fact that the petitioner had admitted guilt at the guilty plea proceeding and that he had said that his guilty plea was not induced.  The PCRA Court found the testimony of the petitioner at the PCRA hearing to contradict his earlier testimony at his guilty plea proceeding.  The Court found that the petitioner's assertion of a lack of knowledge of a mandatory minimum contradicted his earlier admission of guilt and statement of no coercion.

The fact that the petitioner at his guilty plea proceeding admitted guilt and stated at his guilty plea proceeding that the plea was not induced by coercion are not facts which

considered separately or together support an inference that the
petitioner knew of a mandatory minimum penalty.  The testimony
at the PCRA hearing did not contradict the testimony at the
guilty plea proceeding.  The petitioner's PCRA claim was that
he did not have knowledge that he would be subject to a five
year mandatory minimum sentence.  That claim does not equate to
a claim of a coercive inducement.  The admission of guilt is
not determinative on the issue of the voluntariness of the
guilty plea.  The petitioner had the right to maintain a plea
of not guilty and to have a trial despite his realization of
his culpability.  A defendant's statement that the consequences
of a guilty plea could or did affect the decision whether to
plead guilty does not on its face address considerations of
culpability or coercion.

The PCRA Court found that the petitioner was aware that
the Commonwealth would be seeking a mandatory sentence.  The
Court found that the particulars of the mandatory minimum
sentence were not outlined.  The petitioner, as the transcripts
of the guilty plea proceeding and the PCRA hearing (Doc. 14,
Exhibits "B", "G") indicate, was not however provided notice of
either the length of the mandatory minimum sentence or of the
factors or findings that would cause the Court to impose a

mandatory minimum sentence.  There was no reference to a

"mandatory minimum sentence".  The only reference to

"mandatory" was made at the outset of the guilty plea colloquy

where the prosecutor stated in introducing the case:

>     ATTORNEY ADAMS:    Commonwealth versus
> Philmingo Jamison, 4425 of 2000, possession with
> intent, two counts, and possession of paraphernalia.
> Also 4426 of 2000, charge is recklessly endangering,
> small amount, driving under suspension.  He is here
> today.  Both of these cases are on our trial list.
> He has filled out a guilty plea colloquy.
>
>     It is going to be a straight plea with a
> presentence other than the fact that we will run the
> recklessly endangering case concurrent with the drug
> case.  He is facing a sentence by Judge Kennedy on a
> third degree homicide, and we have no agreement as to
> whether these cases are concurrent or consecutive.
> Of course, we are going to ask for them to be
> consecutive, and we will be filing mandatory on the
> drug case.

(Doc. 14, "B", 1-2).  The petitioner had just previous to this

court appearance been convicted in the York County Court of

Common Pleas of third degree murder and was awaiting sentencing

on that conviction.  In light of that other conviction and

pending sentencing, the question whether a sentence imposed

upon the drug conviction would be concurrent or consecutive to

the murder sentence might well have been a more prominent

question in the minds of prosecutor, defense counsel and

defendant than was the question of the length of the drug

sentence.  For that reason, possibly, the "mandatory" component was not again discussed.  Regardless of the reason, it was not again discussed, and no sound reason is advanced for how or why it was not of extreme importance in general or in this case in particular.

"[W]e will be filing mandatory", without more, viewed either objectively or in the context of the petitioner's circumstances and proceedings, is not adequate to provide notice that a certain minimum sentence will be imposed and that the defendant has no prospect of a lesser sentence than that. Furthermore, since the reference to "mandatory" was not made in the form or context of a question to the defendant, no opportunity was presented for a defendant to ask for an explanation.

The form guilty plea colloquy questionnaire completed by the petitioner contained no mention of mandatory minimum sentences (Doc. 14, "C").  The petitioner was not, by reviewing and completing that form questionnaire, placed on notice of an applicable or potentially applicable mandatory minimum sentence.  In the section of that form questionnaire that addresses the potential sentence(s), (No. 25, p.8 of 13), the

petitioner inserted a statement of his understanding of the charge ("DWI"), of the maximum term of confinement ("20 years") and of the maximum fine ("$200,000"), indicating possibly a lack of understanding of the various charges and potential penalties.  His plea was to offenses of possession with intent, two counts, possession of paraphernalia, reckless endangering and driving under suspension.  The Court's colloquy did not include references to the potential penalties, and no reference was made to the petitioner's incomplete and incorrect written statement of his charges and potential penalties.

The PCRA Court's finding that the petitioner was aware that the Commonwealth would be seeking a mandatory sentence, reasonably construed in context as a finding that the petitioner was aware that he was to be subject to a five year mandatory minimum sentence, was an unreasonable determination of the facts in the light of the PCRA hearing evidence. The PCRA Court concluded that the statement of the prosecutor was adequate to afford notice of a five year mandatory minimum sentence and to yield a knowing, intelligent and voluntary plea.  We do not believe that it was.

An awareness of one's trial rights and of what is being waived by electing to plead guilty is an important element of the "knowing and voluntary" state of mind that a defendant must have before his guilty plea should be accepted by the court. It is equally important that the defendant be made aware of the punishment that will be imposed upon him as a consequence of his conviction.  He must be aware of the potential maximum punishments that the court may impose.  He must know also that the sentencing judge may not impose a sentence that is below some legally required minimum.

In the case of the petitioner's colloquy and plea, circumstances as inferred from the plea colloquy, written plea questionnaire and PCRA hearing testimony establish that the petitioner was not aware of his potential susceptibility to a mandatory minimum sentence.  The record does not affirmatively disclose that the petitioner entered his plea understandingly and voluntarily, since a mandatory minimum sentence is a critical factor to be disclosed to and considered by a defendant contemplating a waiver of trial rights.

The First Circuit Court of Appeals in *U.S. v. McDonald*, 121 F.3d 7 (1st Cir. 1997), addressed a failure of a trial court

during a federal guilty plea colloquy to advise the defendant
of an applicable mandatory minimum sentence.  The issue there
was addressed in the context of an appellate review of a
federal district court colloquy and Rule 11 of the Federal
Rules of Criminal Procedure.  The court held the obvious
colloquy error to have been harmless because the sentencing
guidelines calculation yielded a sentence longer than the
mandatory minimum and therefore essentially trumped and
rendered irrelevant the mandatory minimum.  We do not have a
similar situation here.  Here, but for the mandatory minimum,
the defendant might have been sentenced to a lesser minimum
sentence than the five year minimum sentence, as is clearly
evidenced by the fact that the prosecution had offered a plea
agreement involving a four year minimum and the fact that the
practice in the state court was that a mandatory minimum
sentence came into play when and if the prosecution were to
"file for a mandatory".

     We note that the five year mandatory minimum sentence was
not known with certainty to be applicable when petitioner's
guilty plea was entered; rather, it was applicable because of
factors involving in part the petitioner's criminal record,
factors determined through a presentence investigation.

Advising a defendant specifically of the applicability to that
defendant of mandatory sentencing factors dependent upon
particular offender and offense characteristics and
circumstances not defined in the statutory offense definition
is not always possible; however, it is possible to advise the
defendant generally of the nature of the factors and of their
potential applicability to his case.  In the petitioner's case,
in that the prosecution announced an intention to "file for a
mandatory", the court had a basis to explore and to explain to
the defendant the potential application of mandatory sentencing
provisions.

Given that the finding that the petitioner was not aware
that he was subject to a five year mandatory minimum is
rebutted by clear and convincing evidence, the decision that
the petitioner's guilty plea was knowingly and voluntarily
entered involved either an unreasonable application of clearly
established federal law requiring that a defendant's plea be a
voluntary and knowing, intelligent act.

The petition should be granted and the petitioner should
be permitted a new arraignment.

The petitioner's claim of ineffective assistance of counsel was found by the Superior Court under Pennsylvania law to have been procedurally defaulted.  There was no cause for the procedural default, and no prejudice.  The court should not address the ineffective assistance of counsel claim.

Based upon the foregoing, it is recommended that the petition for a writ of habeas corpus be granted and that a conditional writ of habeas corpus be issued commanding the Commonwealth in the case of *Commonwealth v. Jamison*, No 4425 CA 2000 & No. 4426 CA 2000 within 60 days to either 1) release the petitioner from his sentence in No. 4425 CA 200 and No. 4426 CA 2000; or 2) vacate his conviction and sentence in No. 4425 CA 2000 & No. 4426 CA 2000, allow the petitioner to withdraw the guilty plea entered on July 9, 2001 and rearraign the petitioner on the charges in No. 4425 CA 2000 & No 4426 CA 2000.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  April 28, 2006.

32