IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILMINGO JAMISON,** | : CIVIL ACTION NO. 1:05-CV-0831 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **EDWARD KLEM and** **DISTRICT ATTORNEY OF YORK COUNTY, PENNSYLVANIA** | : |
| Respondents | : |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to offenses in the Court of Common Pleas of York County and was sentenced to a term of imprisonment of five to ten years. In the habeas corpus petition, petitioner claims that his conviction and sentence violate his constitutional right to due process of law because he did not knowingly and voluntarily plead guilty and waive his right to a trial. He contends that his guilty plea was unknowing and involuntary because he was not informed that he would be subject to a mandatory minimum sentence of five years. Petitioner also claims a Sixth Amendment violation, averring that his counsel was ineffective when advising him to reject a plea agreement.

The magistrate judge filed a report recommending that the petition be granted. (Doc. 26.) The magistrate judge found that petitioner was not aware that he was subject to a five-year mandatory minimum sentence and, therefore, concluded that the state court decision that petitioner's plea was knowing and

voluntary involved either an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.  See 28 U.S.C. § 2254(d).  The magistrate judge also concluded that petitioner procedurally defaulted his claim of ineffective assistance of counsel without demonstrating cause and prejudice or a miscarriage of justice.[1]  Respondents filed objections (Doc. 27) to the report and recommendation and petitioner filed a brief in opposition (Doc. 28) to respondents' objections.  After an independent review of the record,[2] the court will adopt in part and reject in part the magistrate judge's report and recommendation.

In the matter *sub judice*, petitioner was notified of the direct consequences of his guilty plea, i.e., the maximum imprisonment time and fine.  (See Doc. 14, Ex. C at 8); see also Parry v. Rosemeyer, 64 F.3d 110, 114 (3d Cir. 1995) (stating that "a

---

[1] The court agrees with the magistrate judge on this issue and finds that petitioner procedurally defaulted his ineffective assistance claim and has not demonstrated cause and prejudice or a miscarriage of justice.  See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (discussing procedural default and the requirement to show "cause and prejudice" or "fundamental miscarriage of justice" to overcome such default).  The court notes that petitioner did not object to the magistrate judge's conclusion on this issue.  (See Doc. 26 at 32; Doc. 28; see also id. at 7 ("[I]t is respectfully requested that this Honorable Court adopt the Report and Recommendation *in toto*.")).  Accordingly, the court will adopt the magistrate judge's report and recommendation with respect to petitioner's ineffective assistance of counsel claim without further discussion.

[2] The court must conduct a *de novo* review of the portions of the report and recommendation to which a party objects.  See 28 U.S.C. § 636(b); see also Mathews v. Weber, 423 U.S. 261, 271-72 (1976); Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987).

plea of guilty will not be found to be unknowing and involuntary in the absence of proof that the defendant was not advised of, or did not understand, the direct consequences of his plea" (citing Brady v. United States, 397 U.S. 742, 755 (1970))), cert. denied, 516 U.S. 1058 (1996); id. (stating that the maximum prison term and fine for the charged offense are the only direct consequences (citing United States v. Salmon, 944 F.2d 1106, 1130 (3d Cir. 1991))).  Despite not knowing the precise terms of the mandatory minimum sentence he was facing, petitioner was informed at the change of plea hearing that the state would "be filing mandatory on the drug case."  (Doc. 14, Ex. B at 2.)  In denying his Post Conviction Relief Act ("PCRA") petition, the state court found that this notice of the mandatory minimum sentence was sufficient.  (Doc. 14, Ex. H at 8.)  Concomitantly, the state court found that even if this notice was insufficient, petitioner could "not withdraw his guilty plea as his plea was entered knowingly, and no manifest injustice has occurred to justify the withdrawal."  (Doc. 14, Ex. H at 8-9.)[3]  Following a thorough review of the record, the court finds that the state court decision was *not* "based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding."  28 U.S.C. § 2254(d)(2).[4]  Accordingly, the court will sustain

---

[3] On appeal, the Superior Court of Pennsylvania affirmed the lower court's denial of the PCRA petition.  (See Doc. 14, Ex. I.)

[4] To the extent that subsection (e)(1) applies in the matter *sub judice*, see Breighner v. Chesney, 301 F. Supp. 2d 354, 362, 367 (M.D. Pa. 2004), the court finds that petitioner did *not* provide "clear and convincing evidence" to rebut the state court's presumption of correctness.

respondents' objection and reject the report and recommendation with respect to this issue.

In the report and recommendation, the magistrate judge correctly notes that there is no Supreme Court precedent holding that a defendant must be specifically informed of the applicable mandatory minimum sentence to knowingly and voluntarily enter a guilty plea.  (See Doc. 26 at 18.)  The cases cited by petitioner (see, e.g., Doc. 28 at 4) involve Rule 11 of the Federal Rules of Criminal Procedure, which requires that the court inform the defendant of "any mandatory minimum penalty" before accepting a guilty plea.  See FED. R. CRIM. P. 11(b)(1)(I).  However, these cases are not Supreme Court cases and Rule 11 is not applicable in state cases.  Accordingly, the court finds that the state court decision was not "contrary to, or [did not involve] an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see also Voils v. Hall, 151 F. App'x 793, 795 (11th Cir. 2005) (stating that although the defendant was not informed of the applicable mandatory minimum sentence, "the state appellate court's determination that [defendant's] plea was knowing and voluntary was [n]either contrary to, [n]or an unreasonable application of clearly established Supreme Court law").  Therefore, the court will sustain respondents' objection and reject the report and recommendation with respect to this issue.

Given the findings set forth above, the court will deny the petition for writ of habeas corpus.  See 28 U.S.C. § 2254(d) (providing that a petition for writ of habeas

4

corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding").  An appropriate order will issue.


          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge


Dated:     December 21, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILMINGO JAMISON,** : | CIVIL ACTION NO. 1:05-CV-0831 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **EDWARD KLEM and** : | |
| **DISTRICT ATTORNEY OF YORK** : | |
| **COUNTY, PENNSYLVANIA** : | |
| : | |
| **Respondents** : | |

## ORDER

AND NOW, this 21st day of December, 2006, upon consideration of the report and recommendation of the magistrate judge (Doc. 26), and for the reasons set forth in the accompany memorandum, it is hereby ORDERED that the report and recommendation of the magistrate judge (Doc. 26) is ADOPTED in part and REJECTED in part as follows:

1. The report and recommendation of the magistrate judge (Doc. 26) is ADOPTED with respect to petitioner's ineffective assistance of counsel claim.

2. The report and recommendation of the magistrate judge (Doc. 26) is otherwise REJECTED. See 28 U.S.C. § 2254(d).

3. The petition for writ of habeas corpus (Doc. 1) is DENIED.

4. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

5. The Clerk of Court is directed to CLOSE this file.

          S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge