IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILMINGO JAMISON,** | : | CIVIL ACTION NO. 1:05-CV-0831 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **EDWARD KLEM and** | : | |
| **DISTRICT ATTORNEY OF YORK** | : | |
| **COUNTY, PENNSYLVANIA,** | : | |
| | : | |
| Respondents | : | |

**ORDER AND
AMENDED CONDITIONAL WRIT OF HABEAS CORPUS**

AND NOW, this 11th day of February, 2009, upon consideration of petitioner's motion (Doc. 46) to convert the conditional writ of habeas corpus (Doc. 36) into an absolute writ requiring petitioner's immediate release, and of respondents' brief in opposition thereto (Doc. 48), requesting that the court extend the time period for compliance with the conditional writ and establish a deadline for bringing petitioner to trial, (see id. at 4), and it appearing that the conditional writ required respondents to either release petitioner or allow him to withdraw his guilty plea on or before December 22, 2008, (see Doc. 36), that respondents neglected to comply with the writ due to administrative failings within the Office of the District Attorney for York County, Pennsylvania,[1] (see Doc. 38; Doc. 48 at 2), and that, upon realizing the mistake, respondents immediately arranged to execute the

---

[1] Respondents' failure to comply with the conditional writ resulted from an inadvertent "breakdown in communications" in the district attorney's office. (Doc. 48 at 2.)

provisions thereof, (see Doc. 48 at 3),[2] and the court concluding that, "so long as its actions are reasonable under the circumstances, a district court has the authority to alter the time period it originally sets for retrial to commence pursuant to a grant of conditional habeas relief," see Gibbs v. Frank, 500 F.3d 202, 207 (3d Cir. 2007), and that "[t]he broad discretion inherent in a district court's habeas powers include[s] the ability to evaluate whether the Commonwealth has provided a legitimate reason for its delay in retrying a defendant subject to conditional habeas relief", id. at 208; accord Gilmore v. Bertrand, 301 F.3d 581, 582-83 (7th Cir. 2002) ("[T]he equitable power of the district court in deciding a habeas corpus petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency."), and the court determining that respondents immediately undertook efforts to implement the conditional writ upon receiving notice of their non-compliance, (see, e.g., Doc. 40 ¶¶ 2-4), that they scheduled a hearing to allow petitioner to withdraw his guilty plea as quickly as practicable upon receiving such notice,[3] that petitioner has suffered no prejudice as a result of

---

[2]On January 7, 2009, the court received a letter from petitioner stating that respondents had failed to comply with the writ. (Doc. 38.) The same day, the court instructed respondents to submit a notice documenting efforts taken to implement the terms thereof. (Doc. 39.) Respondents then indicated that they had scheduled a hearing for January 26, 2009 to allow petitioner withdraw his guilty plea. (Doc. 40.) During a telephone conference of record held on January 13, 2009, counsel for respondents represented that the hearing was scheduled as soon a practicable in light of the state court's calendaring system and the logistics of transferring petitioner to York County. (See id. ¶¶ 2-3.) Petitioner, unrepresented by counsel, appeared in court on January 26, 2009 and requested a continuance to enable him to procure legal representation. (Doc. 48 at 2.) The hearing is currently scheduled for February 25, 2009. (Id.)

[3]See supra note 2.

respondents' delay because he is currently incarcerated for a conviction unrelated to the instant matter and has not yet begun serving the sentence affected by the conditional writ,[4] and that respondents have not contributed to the delay in bad faith,[5, 6] it is hereby ORDERED that:

---

[4]The state court dockets from petitioner's criminal proceedings, available at http://ujsportal.pacourts.us, reflect that petitioner is currently serving a minimum sentence of twenty years for a third-degree murder conviction. See Docket at 11, Commonwealth v. Jamison, No. CP-67-CR-0004477-2000 (Pa. Ct. Com. Pl. York County) (documenting that petitioner received a sentence of twenty to forty years for his murder conviction). The sentences affected by the conditional writ run consecutively to the sentence for the murder conviction. See Docket at 10, Commonwealth v. Jamison, No. CP-67-CR-0004425-2000 (Pa. Ct. Com. Pl. York County) (reflecting a sentence of two to four years for possession with intent to deliver marijuana); Docket at 8, Commonwealth v. Jamison, No. CP-67-CR-0004426-2000 (Pa. Ct. Com. Pl. York County) (stating that petitioner was sentenced to three to six months for drug possession, to run concurrently with the aforementioned drug sentence and consecutively to his murder sentence). During the January 13, 2009 telephone conference, counsel for respondents confirmed that the latter sentences have not yet commenced.

[5]Prejudice to petitioner, length of delay, and prosecutorial bad faith are essential factors in determining whether to modify a conditional writ of habeas corpus. Each of these factors was crucial in Harvest v. Castro, 531 F.3d 737 (9th Cir. 2008), which petitioner cites in support of his motion for absolute habeas relief. In Harvest, the Ninth Circuit reversed a district court's extension of a conditional writ following state prosecutors' inadvertent failure to retry petitioner on murder charges within the period prescribed by the writ. Id. at 740, 750. The court observed that the likelihood of prejudice to the petitioner was significant, noting that, had prosecutors timely complied with the writ, the petitioner may have been sentenced to concurrent rather than consecutive sentences. Id. at 747. Further, the state engaged in a "substantial" delay of sixty-four days after expiration of the conditional writ before requesting an extension, and prosecutors likely acted in bad faith by waiting several days after discovering their omission to inform the district court. Id. They filed new charges against petitioner during this period. Id. Other courts have similarly evaluated prejudice, undue delay, and prosecutorial bad faith when ruling upon motions to extend conditional writs. See, e.g., Brinson v. Vaughn, 583 F. Supp. 2d 642, 644-45 (E.D. Pa. 2008) (granting writ of habeas corpus because the government engaged in an unexplained delay of approximately ten months before attempting to retry the petitioner); see also McKitrick v. Jeffreys, 255 F. App'x 74, 76 (6th Cir. 2007) (requiring the court to evaluate prejudice to the

3

petitioner when ruling on a state's motion to extend a conditional writ); Scott v. Bock, 576 F. Supp. 2d 832, 836 (E.D. Mich. 2008) ("When a petitioner alleges non-compliance with a conditional order, the district court must evaluate whether the state's action was sufficient to cure the error and assess any prejudice resulting to the petitioner from non-compliance.")

Unlike Harvest, the instant case features neither prejudice nor undue delay nor bad faith. Petitioner is currently incarcerated for a murder conviction with several years remaining on his sentence. The sentence affected by the conditional writ was set to run consecutively to this murder sentence and had not commenced at the time of the writ's issuance. See supra note 4. Hence, petitioner has suffered no prejudice as a result of respondents' delay because he would not have been immediately released had respondents timely complied with the conditional writ, and he does not contend that the delay has impaired his ability to defend the merits of the charges against him. Further, state prosecutors undertook efforts to comply with the conditional writ immediately upon learning of their error, which occurred fewer than thirty days following expiration of the conditional writ. They have candidly admitted to the inadvertent administrative failures that stalled renewed prosecution of petitioner's case. The instant matter is therefore distinguishable from Harvest, and extension of the conditional writ is proper.

This result is consistent with the decision of the United States Court of Appeals for the Third Circuit in Gibbs. While the instant case, unlike Gibbs, involves delay resulting exclusively from the omissions of prosecutors, Gibbs nevertheless instructs that a district court presented with a post-deadline extension motion must evaluate the factual context of the request and fashion a remedy that is "reasonable under the circumstances." Id. at 207; accord Hilton v. Braunskill, 481 U.S. 770, 775 (1987) ("Federal habeas corpus practice, as reflected by the decisions of this Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief."); Gilmore, 301 F.3d at 582-83 ("[F]ederal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court."). In the present case, the absence of prosecutorial bad faith, undue delay, or prejudice counsels that petitioner's criminal charges be resolved on the merits in a manner consistent with his constitutional rights. The court concludes that denying petitioner's motion for absolute habeas relief and granting respondents an extension of the conditional writ is reasonable under the circumstances of this case.

[6]Petitioner asserts that administrative negligence does not constitute a legitimate reason for delay in implementing the conditional writ. He contends Gibbs prohibits an extension under these circumstances because "[t]he broad discretion inherent in a district court's habeas powers include[s] the ability to evaluate whether the Commonwealth has provided a *legitimate reason for its delay* in retrying a defendant." 500 F.3d at 208; see also (Doc. 47 at 2). The language quoted by petitioner, however, must be assessed in the larger context of the Gibbs

1. Petitioner's motion (Doc. 46) to convert the conditional writ of habeas corpus into an absolute writ of habeas corpus is DENIED.

2. Respondents' brief in opposition (Doc. 48) to petitioner's motion is CONSTRUED as a motion to extend the time period within which respondents may comply with the conditional writ of habeas corpus and to establish a deadline for commencement of trial and is GRANTED as so construed.

---

decision. The passage appears at the end of a discussion in which the Third Circuit concluded that a district court need not reject a motion to extend a conditional writ simply because a respondent filed it in an untimely manner:

> [I]t is of no moment whether the Commonwealth seeks an extension . . . during the initial deadline or . . . provides a post hoc justification for the trial delay. Such a maneuver may be strategically unwise from the Commonwealth's perspective because of the broad discretion afforded to a district court in conditioning (and granting) habeas relief. . . . Nonetheless, *we fail to see why a post-deadline justification offered by the state for the delay in a prisoner's retrial should be categorically rejected as a legal matter.* The broad discretion inherent in a district court's habeas powers *include[s] the ability to evaluate whether the Commonwealth has provided a legitimate reason for its delay* in retrying a defendant subject to a conditional habeas writ.

Gibbs, 500 F.3d at 208 (citation omitted, emphases added). This passage, which addresses solely the timeliness of a motion, does not preclude consideration of other factors such as prejudice to petitioner, undue delay, or prosecutorial bad faith. Indeed, evaluation of such issues is required under Gibbs's broad mandate that a district court dispose of an extension motion in a manner that is "reasonable under the circumstances" of each particular case. Id. at 207. Hence, the cause of respondents' delay in implementing a writ is relevant to an extension request but not dispositive of it.

In the instant matter, respondents' failure to comply strictly with the conditional writ is certainly inopportune. However, the complete lack of prejudice to petitioner, the absence of bad faith by prosecutors, and respondents' good faith efforts to implement the conditional writ after discovering their neglect outweigh respondents' failure to comply with the court's order in a timely manner. See supra note 5.

5

3. The conditional writ of habeas corpus (Doc. 36) is AMENDED as follows:

   a. The time period for respondents to either release petitioner or allow him to withdraw his guilty plea is EXTENDED until February 25, 2009.

   b. In the event that the Commonwealth of Pennsylvania elects to proceed with retrial of petitioner, trial shall commence no later than April 10, 2009.[7]

                        S/ Christopher C. Conner
                        CHRISTOPHER C. CONNER
                        United States District Judge

---

[7] Respondents state that they are "amenable to an order setting a time limit for the commencement of trial." (Doc. 48 at 4.) The court has included a trial deadline in this amended writ to expedite resolution of petitioner's matters in state court.