# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILMINGO JAMISON,** | : | **CIVIL ACTION NO. 1:05-CV-0831** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **EDWARD KLEM and** | : | |
| **DISTRICT ATTORNEY OF YORK** | : | |
| **COUNTY, PENNSYLVANIA,** | : | |
| Respondents | : | |

## ORDER

AND NOW, this 28th day of April, 2009, upon consideration of the amended conditional writ of habeas corpus (Doc. 50) issued by the court on February 11, 2009, which instructed respondents to retry petitioner in the cases docketed at Nos. CP-67-CR-0004425-2000 ("No. 4425") and CP-67-CR-0004426-2000 ("No. 4426"), and upon further consideration of petitioner's *pro se* motion (Doc. 51)[1] for issuance of an absolute writ of habeas corpus, which states that respondents have failed to retry him in No. 4426 as required by the conditional writ, and it appearing that respondent was convicted in No. 4425 on April 15, 2009, (Doc. 53 ¶ 6

---

[1]Petitioner filed a letter requesting issuance of an absolute writ of habeas corpus in No. 4426 on April 17, 2009. (See Doc. 51.) The court construed the letter as a *pro se* motion on April 23, 2009. (See Doc. 56 ¶ 1.)

& app. B at 19-20), and that he entered a guilty plea in No. 4426 on April 17, 2009,[2] (Doc. 57 ¶ 8), and the court concluding that respondents have therefore complied with the provisions of the amended conditional writ (Doc. 50), it is hereby ORDERED that petitioner's *pro se* motion (Doc. 51) for issuance of an absolute writ of habeas corpus is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2]The state court docket for No. 4426, available on the website of the Pennsylvania courts at http://usjportal.pacourts.us, confirms that petitioner entered a guilty plea, which was entered in the record on April 22, 2009. See Docket at 14, Commonwealth v. Jamison, No. CP-67-CR-0004426-2000 (Pa. Ct. Com. Pl. York County). The court takes judicial notice of this docket for purposes of the instant motion. See FED. R. EVID. 201(c), (f); Cooper v. Pa. State Att'y Gen., No. 2:06cv1332, 2007 WL 2492726, at *2 (W.D. Pa. Aug. 30, 2007) (reiterating that a federal court may take judicial notice of court records and dockets). A copy of the docket is attached hereto as Exhibit A.